# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED TOLIVER,<br><br>       Petitioner,<br><br>   v.<br><br>J. HARTELY,<br><br>       Respondent. | 1:08-00667 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION AS TIME-BARRED<br><br>[Doc. 9] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

RELEVANT HISTORY

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR), following a conviction for murder in 1977, and sentence of seven years to life.

In the instant petition, Petitioner does not challenge the constitutional validity of his conviction and/or sentence; rather, he challenges the rescission of his parole date and denial of his release on parole as an unconstitutional violation of due process and ex post facto laws.

As indicated by Respondent in his motion, Petitioner previously filed a federal petition for writ of habeas corpus in the Sacramento Division of this Court on July 18, 2005, in case number 2:05-cv-01444-MCE-DAD (HC), raising the same challenges as raised in the instant petition. That action was dismissed, without prejudice, on March 20, 2008, for failure to exhaust

the state court remedies. (See 2:05-cv-01444-MCE-DAD (HC), Court Docs. 18, 19.) There, the Findings and Recommendations, adopted in full on March 20, 2008, set forth the claims and procedural history stating:

> Petitioner alleges that in January 1977 he was convicted and sentenced to seven years to life in prison for murder under California's old indeterminate sentencing law. (Am. Pet. at 2.) He claims that on November 7, 1985, after California enacted the determinate sentencing law, he received an established parole date of June 2, 1994 from the Board of Prison Terms. Petitioner alleges that his release date was rescinded in 1986, evidently due to a prison rule violation conviction he suffered. (*Id*. at 6; Resp't's Mot. to Dismiss, Ex. 2.) Petitioner now contends that he has been illegally confined since 1994.
>
> On August 15, 2003, petitioner filed a petition for a writ of habeas corpus in the Los Angeles Superior Court in which he claimed that his release date had never been "refixed" and that he should have been released, presumably on parole, in 1997. (Resp't's Mot. to Dismiss, Ex. 1.) On October 14, 2003, the Superior Court denied the petition on the merits, holding that the Board did not abuse its discretion by failing to find petitioner suitable for parole. (*Id*., at Ex. 2.) On January 9, 2004, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (*Id*., Ex. 3.) On May 11, 2004, the Court of Appeal summarily denied his petition. (*Id*.) On June 24, 2004, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (*Id*.) On June 22, 2005, the California Supreme Court denied the petition, citing the decisions in *People v. Duvall* and *In re Robbins*. (*Id*., Ex. 10.)
>
> Petitioner filed his original petition in this court on July 18, 2005 and his amended petition on April 16, 2007.

(See 1:05-cv-1444-MCE-DAD (HC), Court Doc. 16, Exhibit B, to Motion.)[1]

On August 10, 2006, Petitioner filed a state petition for writ of habeas corpus in the Superior Court of California, County of Los Angeles, which was denied in a reasoned decision as untimely on August 20, 2007. (Exhibit C, to Motion.)

On September 10, 2007, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District, Division Five, which denied the petition on September 17, 2007, in part, as procedurally defaulted and, alternatively on the merits. (Exhibit D, to Motion.)

On November 13, 2007, Petitioner filed a state petition for writ of habeas corpus in the

---

[1] The Court hereby takes judicial notice of the information as presented in the Findings and Recommendations in case number 1:05cv-01444-MCE-DAD(HC). A Court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1 California Supreme Court, which was denied on April, 30, 2008.  (Exhibits E & F, to Motion.)

2   Petitioner filed the instant federal petition for writ of habeas corpus on May 14, 2008.
3 (Court Doc. 1.)  Respondent filed the instant motion to dismiss on July 29, 2008, and Petitioner
4 filed an opposition on August 14, 2008.  (Court Docs. 9, 10.)

5                                                  DISCUSSION

6 A.   Procedural Grounds for Motion to Dismiss

7   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
8 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
9 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

10   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
11 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
12 the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
13 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
14 v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
15 motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
16 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
17 response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
18 Supp. at 1194 & n. 12.

19   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
20 2244(d)(1)'s one-year limitations period, the claims are procedurally defaulted, and fail to present
21 a federal question.  Therefore, the Court will review Respondent's motion to dismiss pursuant to
22 its authority under Rule 4.

23 B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

24   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
25 of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
26 corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
27 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118
28 S.Ct. 586 (1997).

The claims in the instant petition stem from Petitioner's belief that he has been illegally confined since 1994, and therefore, his claims accrued before the imposition of AEDPA in 1996. In such circumstances, there is a one-year grace period which expired, in this case, on April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Although under AEDPA, the one-year limitations period is tolling during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). However, as set forth in case number 2:05-cv-01444-MCE-DAD (HC), Petitioner did not file his first state habeas corpus petition until August 15, 2003, several years after the statute of limitations expired, and the instant petition is consequently untimely.

C.    Procedural Default Imposed by State Court

Respondent argues that this Court is procedurally barred from reviewing Petitioner's claims based on the state courts finding that he procedurally defaulted his claims by virtue of an unreasonable and unexplained delay.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims by a state law that is independent of federal law and adequate to support the judgment. A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 2592 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54 (1989); See also Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184 (1935). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 1042 (1989). This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

A federal court may only impose a procedural bar on claims if the procedural rule that the state used to deny relief is "firmly established and regularly followed." O'Dell v. Thompson, 502 U.S. 995, 998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and

1  O'Connor respecting the denial of certiorari); Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct.
2  850, 857 (1991); James v. Kentucky, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984).
3  The state procedural rule used must be clear, consistently applied, and well-established at the
4  time of the petitioner's purported default. Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997);
5  Calderon v. United States Dist. Court (Bean), 96 F.3d 112, 129 (9th Cir. 1996), *cert. denied,* 117
6  S.Ct. 1569.

In Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that:

> the ultimate burden of proving the adequacy of the California state bar is upon the State of California. . . . Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.  The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule.  Once having done so, however, the ultimate burden is the state's.  Accordingly, because it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable. . . .

To be deemed adequate, the state law ground for decision must be both well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(*quoting* Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).  Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Id. at 377 (*quoting* Morales, 85 F.3d at 1392).  "State rules that are too inconsistently or arbitrarily applied to bar federal review 'generally fall into two categories: (1) rules that have been selectively applied to bar the claims of certain litigants . . . and (2) rules that are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claim is unfair.'" Bennett v. Mueller, 322 F.3d at 583 (quoting Woods v. Hall, 130 F.3d 373, 377 (9th Cir. 1997).

On August 20, 2007, the Los Angeles County Superior Court denied Petitioner's state

5

petition stating, in relevant part:

> Petitioner fails to adequately explain the substantial delay in seeking habeas relief. (*In re Clark* (1993) 5 Cal.4th 750, 765.) He argues, "Petitioner's claim are timely in that the petitioner is appealing his March 2006 hearing in which petitioner received a two year denial." (Reply to Informal Response, p.4.) However, petitioner does not draw a nexus between the parole suitability hearing and the original parole rescission hearing. In fact, he does not refer to the 2006 hearing by providing transcripts of that hearing and demonstrating that the denial was in error, the results of the 2006 hearing do not justify the twenty year delay in challenging the 1986 rescission. Even if his claim was not discoverable until his originally scheduled release date in 1994, petitioner waited over ten years to file the current writ. Because this delay is substantial and unjustified, the petition is denied."

(Exhibit C, to Motion.)

Thereafter, the state appellate court, likewise denied Petitioner's state petition stating:

> Petitioner is procedurally defaulted from raising these issues in unjustified successive habeas corpus petitions, and due to his inadequately explained delay in seeking relief. (See *In re Clark* (1993) 5 Cal.4th 750, 771, 775, 783; *McCleskey v. Zant* (1991) 499 U.S. 467, 498.) The petition is also denied on the merits. Petitioner fails to submit the full record of the rescission of his parole date and the results of his appeals thereof. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Based on the record that is provided, it appears petitioner's parole date was tentative, and he engaged in misconduct that resulted in the rescission of that tentative date. (15 Cal. Code Regs., tit. 15 § 2450.)

(Exhibit D, to Motion.)

The California Supreme Court denied Petitioner's subsequent state court petition without comment or citation. (Exhibit E, to Motion.)

As Respondent correctly states, both the California Superior Court and the California Court of Appeal issued reasoned decisions denying the state petitions on the procedural ground of unreasonable and unexplained delay. Although the California Supreme Court issued a summarily denial, this Court looks through that decision to the last reasoned state appellate court decision to address the claim at issue. Ylst v. Nunnemaker, 501 U.S. 797, 804-806 (1991). In this instance, the state courts clearly cited Clark for the proposition that the petitions were untimely, as recognized by the Ninth Circuit in King v. Lamarque, a habeas petitioner must justify any significant or substantial delay in seeking habeas corpus relief. 464 F.3d 963, 966 (9th Cir. 2006) (citing In re Clark, 21 Cal.Rptr.2d 509, 855 P.2d at 738, 750-753, 758-759.) Here, the state appellate court, cited to a portion of the Clark opinion explaining that a petitioner must

explain and justify any substantial delay in presenting a claim. (Exhibit D, to Motion, citing *In re Clark*, at 783.) Moreover, the fact that the appellate court also found that the petition failed on the merits, does not negate its clear finding that the claim was procedurally defaulted. See Harris v. Reed, 489 U.S. 255, 264 no.10 (1989); see also Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992).

The Ninth Circuit has held that the timeliness bar of Clark is not interwoven with federal law, and thus it is an independent state procedural ground. Bennett, 322 F.3d at 581.

As Respondent has clearly pled the existence of an adequate procedural bar, Petitioner must come forward with proving that the rule is inadequate to support the state court's opinion. Id. at 586. Petitioner has not presented any factual allegations or citations of authority to demonstrate that the Clark procedural rule has not been consistently applied. Rather, Petitioner merely argues that the merits of his petition override any procedural default. (See Opposition, at 2.) Accordingly, because Petitioner has failed to meet his burden in contesting the Clark procedural bar, the Court find that the rule is both an independent and adequate basis to preclude federal review.

Furthermore, Petitioner has not demonstrated cause or prejudice for his default. In his opposition, Petitioner merely expresses cause and prejudice in terms of his alleged unlawful confinement. However, "cause" as it relates to a procedural default turns "on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Consequently, the merits of Petitioner's underlying claim do not justify his delay in presentation to the state court, and the state court rightfully found the delay was unjustified and unexplained.

Moreover, to the extent Petitioner is attempting to argue that this Court's failure to review the merits of the instant petition will result in a fundamental miscarriage of justice, it too is without merit. (See Opposition, at 12.) The miscarriage of justice exception is narrowly construed and applies only to circumstances where "the alleged constitutional error has resulted in a conviction of one who is actually innocent of the underlying offense." Dretke v. Haley, 541 U.S. 386, 388 (2004), citing Murray v. Carrier, 477 U.S. 478 (1986). Petitioner does not make

7

the claim that he is actually innocent of his underlying offense; rather, he contends that he has been unlawfully confined since his eligible release date in 1994. As such, Petitioner's claim is procedurally defaulted, and this Court is barred from review.

D. <u>Failure to State Cognizable Federal Claim</u>

Respondent also argues the petition should be dismissed because Petitioner has failed to present a cognizable federal claim. Respondent's argument is correct.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the petition before the Court, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Indeed, in his opposition, Petitioner states that his case does not

rest on one violation of state and federal law, but on repeated failures to perform in accordance with the California Code of Regulations. (Opposition, at 4-6, 9.) Petitioner's claim is clearly one of a state agency's application of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); see also Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law.).

Any attempt by Petitioner to convert his claims into federal ones by claiming violations of his constitutional rights, fails. Petitioner's broad assertion does not transform his claims. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). However, a federal court is bound by the state court's interpretation of its own statutes governing conduct credits unless "the court's interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Brodheim v. Rowland, 993 F.2d 716, 717 (9th Cir.1993), *quoting* Taylor v. Kincheloe, 920 F.2d 599, 609 (9th Cir.1990). There is no subterfuge apparent here, and Petitioner has not shown the state's interpretation of its own statutes to be untenable.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure

1 to comply with 28 U.S.C. § 2244(d)'s one year limitation period, based on the procedural default
2 imposed by the state court, and for failure to present a cognizable federal claim.
3     This Findings and Recommendation is submitted to the assigned United States District
4 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
5 the Local Rules of Practice for the United States District Court, Eastern District of California.
6 Within thirty (30) days after being served with a copy, any party may file written objections with
7 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
8 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
9 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
10 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
11 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
12 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
13 Cir. 1991).
14     IT IS SO ORDERED.
15     Dated:   **August 28, 2008**          **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE