1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| ALFRED TOLIVER, | 1:08-00667 AWI DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| J. HARTELY, | |
| Respondent. | [Doc. 11] |

10
11
12
13
14
15
16

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

17
18

On August 28, 2008, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss the Petition for Writ of Habeas Corpus be GRANTED.   This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

19
20
21
22

On September 26, 2008, Petitioner filed timely objections to the Findings and Recommendation.

23
24

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

25
26
27
28

1

The one issue raised in the objections that requires further comment is Petitioner's contention that a state created impediment caused his statute of limitations to begin running at a later date.   As explained by the Magistrate Judge, because the events at issue in this action occurred before the enactment of the AEDPA on April 24, 1996, Petitioner's limitation period expired one year later on April 24, 2007.   In the objections, Petitioner sets forth a later date for the running of his statute of limitations.   Petitioner states that his statute began to run from the date on which the state created impediment to filing his petition was removed.   Title 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> . . . .

28 U.S.C. § 2244(d)(1)(A)-(B).   In the objections, Petitioner seeks to use the date upon which the impediment was removed as the beginning of his statute of limitation.   The only evidence or law Petitioner cites for a state created impediment is California Civil Code § 1710, which defines deceit as follows:

> Deceit, what. A deceit, within the meaning of the last section, is either:
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
> 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,
> 4. A promise, made without any intention of performing it.

Cal.Civ.Code § 1710.   It is entirely unclear to the court how Section 1710 created some form of state created impediment that would make the instant petition timely filed.   Because a habeas corpus proceeding is civil in nature, see Browder v. Dir., Dep't of Corrections, 434 U.S. 257, 269 (1978), Petitioner has the burden of proving his position by a preponderance of evidence.   See, e.g.,  Parke v. Raley, 506 U.S. 20, 31 (1992); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir.1994).   From the record before the court, the court finds Petitioner cannot demonstrate how a

1   state created impediment caused his statute of limitations to begin running later than April 24,

2   1996.  Accordingly, the court finds that Petitioner has failed to show his petition is not barred by

3   the applicable statute of limitations.

4              Accordingly, IT IS HEREBY ORDERED that:

5       1.      The Findings and Recommendation issued August 28, 2008, is ADOPTED IN

6               FULL;

7       2.      Respondent's motion to dismiss the instant petition as time-barred, procedurally

8               defaulted, and for failure to state a cognizable constitutional claim is GRANTED;

9       3.      The Petition for Writ of Habeas Corpus is DISMISSED, with prejudice;

10      4.      The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c);

11              Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner

12              must show: (1) that jurists of reason would find it debatable whether the petition

13              stated a valid claim of a denial of a constitutional right; and (2) that jurists of

14              reason would find it debatable whether the district court was correct in its

15              procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present

16              case, the Court does not find that jurists of reason would not find it debatable

17              whether the petition was properly dismissed, with prejudice, as time-barred under

18              28 U.S.C. § 2244(d)(1), procedurally defaulted, and for failure to state a cognizable

19              claim.   Petitioner has not made the required substantial showing of the denial of a

20              constitutional right.

21

22   IT IS SO ORDERED.

23   **Dated:   November 7, 2008**              _____/s/ Anthony W. Ishii_____
                                                CHIEF UNITED STATES DISTRICT JUDGE
24

25

26

27

28